THOMAS PULLIAM *et al.*, plaintiffs in error, *vs.* JOHN A. SEWELL *et al.*, defendants in error.

Under the former rulings of this Court, a decision of the Court below that the homestead is subject to the payment of a judgment obtained prior to the passage of the Homestead Law, which does not fall within one of the exceptions mentioned in said Act, as construed by this Court, is erroneous.

Homestead. Constitutional Law. Before Judge DAVIS. Franklin Superior Court. April Term, 1869.

In 1867, Sewell obtained a judgment against Pulliam, upon which a *fi. fa.* was issued. On the 8th of December, 1868, this *fi. fa.* was levied upon Pulliam's land. On the 28th of said December the land was set apart as Pulliam's homestead under the Homestead Act of the 3d of October, 1868. Pulliam met the *fi. fa.* with an oath of illegality, the ground being that because the homestead had been so set apart it was not subject to levy and sale under said *fi. fa.*

Sewell's attorney moved to dismiss the oath of illegality upon the grounds that, as applied to this judgment, the said Act was void, because it impaired the obligation of Sewell's

contract, or, if not so, it was an incumbrance on the land, and therefore within the exceptions to said Act, and last, that as Pulliam had failed to avail himself of the Act until after a levy and advertisement, the *fi. fa.* should proceed for for costs at least. Nothing more appearing, the Court dismissed the illegality, and ordered the *fi. fa.* to proceed. This is assigned as error.

(The same facts substantially existed in other cases pending in said Court. They were dismissed in the same way, and the defendants joined Pulliam, by consent, in a common bill of exceptions.)

HUTCHINS & McMILLAN, by HILLYER & BROTHER, for plaintiffs in error.

No appearance for defendants in error.

BROWN, C. J.

The Judge states in the record that he made no decision on the question of costs. But he held that the homestead was not exempt from the payment of the judgment. We have already decided the question that controls this case.

Judgment reversed.